UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-cv-164-FDW

| | |
|---|---|
| LASHAUN DIANTEA ELLIS, | ) |
| Petitioner, | ) |
| vs. | ) **ORDER** |
| RICHARD NEELY, | ) |
| Administrator, Lanesboro Correctional Institution, | ) |
| Respondent. | ) |

**THIS MATTER** comes before the Court on Respondent's Motion for Summary Judgment on Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, (Doc. No. 6).

**I.     BACKGROUND**

Pro se Petitioner Lashun Diantea Ellis is a prisoner of the State of North Carolina, who, on May 2, 2012, in Caldwell County Superior Court, pled guilty to robbery with a dangerous weapon and was sentenced to 58-79 months imprisonment, in case 11 CRS 53437.¹ (Doc. Nos. 7-2; 7-3; and 7-4). Petitioner was represented by Bruce L. Cannon and did not appeal. Petitioner dated a pro se motion for appropriate relief ("MAR") April 29, 2013, and filed it in Caldwell County Superior Court on May 16, 2013. (Doc. No. 7-5). On May 17, 2013, the MAR Court denied the MAR. (Doc. No. 7-6). On June 7, 2013, Petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals. (Doc. No. 7-7). On June 20, 2013, the state filed a response. (Doc. No. 7-8). On June 24, 2013, certiorari was denied by order witnessed June 25,

---

¹ Respondent asserts that the maximum sentence was 77 months, but the Judgment and Commitment Form and Petitioner's information on the North Carolina Department of Public Safety website indicate that the trial court imposed a maximum sentence of 79 months. See (Doc. No. 7-3 at 2).

1

2013. (Doc. No. 7-9).

Petitioner dated his pro se federal habeas application form November 14, 2013, and submitted it to the Eastern District of North Carolina on or about November 22, 2013. The Eastern District subsequently transferred the petition to this Court, and it was stamp-filed in this Court on December 5, 2013. See (Doc. No. 1-1). In his sole ground for relief, Petitioner contends that his indictment was fatally defective because it did not contain a plain and concise factual statement and did not correctly identify the victim of the robbery for which Petitioner was convicted.

Respondent filed the pending summary judgment motion on January 24, 2014. (Doc. No. 6). On the same day, the Court entered an Order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). (Doc. No. 8). Petitioner did not file a response to the summary judgment motion, and the time to do so has expired. Thus, the motion is ripe for disposition.

## II. STANDARD OF REVIEW

### A. Summary Judgment Standard

Summary judgment is appropriate where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

### B. Section 2254 Standard

In addition to the motion for summary judgment standard set forth above, this Court must also consider the requirements set forth in 28 U.S.C. § 2254. Section 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A claim is considered "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Young v. Catoe, 205 F.3d 750, 755 (4th Cir. 2000) (quoting Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999)). A state court adjudication is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "It is not enough for us to say that, confronted with the same facts, we would have applied the law differently; we can accord [the petitioner] a remedy only by concluding that the state court's application of the law in his case was objectively unreasonable." See Tice, 647 F.3d at 103 (citing Williams v. Ozmint, 494 F.3d 478, 483-84 (4th Cir. 2007)).

3

"[W]e will not discern an unreasonable application of federal law unless 'the state court's decision lies well outside the boundaries of permissible differences of opinion.'" Id. at 108 (quoting Goodman v. Bertrand, 467 F.3d 1022, 1028 (7th Cir. 2006)).

## III.  DISCUSSION

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  In addition, the one-year limitations period is tolled during pendency of a properly filed state post-conviction proceeding.  See 28 U.S.C. § 2244(d)(2).

Because Petitioner pled guilty and did not appeal, his case became final at the latest on May 16, 2012, i.e., fourteen days after his May 2, 2012, guilty plea judgment.[2]  See N.C. R. App. P. 4(a)(2) (2012) (fourteen days to serve notice of appeal).  Petitioner's one-year period of limitation then commenced and ran for 365 days.  The 365th day was May 16, 2013.  On that same day Petitioner filed his pro se MAR.  This Court will assume that the filing of the MAR on

---

[2] Petitioner's state court record indicates that he did not have the right to appeal, but the Court is nevertheless assuming that the fourteen days is counted in calculating the date on which his conviction became final.

4

the last day of the one-year limitation period tolled the limitation period. The limitation period, therefore, would have remained tolled until June 25, 2013, when the North Carolina Court of Appeals denied certiorari. See (Doc. No. 7-9). The limitation period began running again at that time and fully expired one day later on June 26, 2013. Petitioner placed his petition in the prison system for mailing on November 14, 2013. See (Doc. No. 1 at 14). Thus, the petition is about four and one-half months out-of-time.

Petitioner contends that he is entitled to equitable tolling because he is proceeding in this action pro se and based on his assertion that he does not have "a lot of intelligence to these types of situations." (Doc. No. 1 at 13). A petitioner's ignorance of the law is not a reason for equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."). Petitioner has not shown that equitable tolling is warranted in this case. In sum, the Court finds that the petition is time-barred.

The Court further notes that, even if the petition were timely, Petitioner would still not be entitled to relief on the merits. Petitioner contends that his indictment was fatally defective because it did not contain a plain and concise factual statement and did not correctly identify the victim. Petitioner's indictment for robbery with a dangerous weapon stated: "[Petitioner] unlawfully, willfully and feloniously did steal[,] take and carry away another's personal property, $138.00 in U.S. Currency from JP Lenoir aka Save More located at 1010 Blowing Rock Blvd., Lenoir, N.C. 28645, from the person and presence of Justin Wise. [Petitioner] committed this act by means of an assault consisting of having in possession and threatening the use of a deadly weapon, a knife." (Doc. Nos. 7-4; 7-6). Petitioner contends that the victim's actual name was "Mark Wise" or "Mark Justin Wise," and Petitioner contends that he was not

5

fully informed who "Justin Wise" was.

Petitioner raised the substance of his current claim in his MAR, and the MAR Court denied the claim on the merits.[3] (Doc. No. 7-6). The MAR Court's denial of this claim was neither contrary to, nor an unreasonable application of, clearly established federal law, as determined by the Supreme Court. Nor was the state court adjudication based on an unreasonable determination of facts, in light of the evidence presented in the state court proceedings. Under clearly established Supreme Court law, an indictment must contain the elements of the charged offense and provide the defendant with adequate notice of the charge so that he may prepare a defense. Russell v. United States, 369 U.S. 749, 763-64 (1962). Furthermore, alleged errors or deficiencies in state court indictments do not warrant federal habeas relief unless they rendered the entire state court proceeding fundamentally unfair. See Ashford v. Edwards, 780 F.2d 405 (4th Cir. 1985). Here, the indictment at issue clearly contained the elements of the charged offense and provided Petitioner with notice of the charge so that he could prepare a defense.[4] Thus, even if the petition were timely, Petitioner's claim would fail on the merits.

**IV. CONCLUSION**

For the reasons stated herein, the Court will deny Petitioner's Section 2254 petition as time-barred and the Court will grant Respondent's summary judgment motion.

---

[3] The Court observes that the MAR Court analyzed Petitioner's defective indictment claim under North Carolina law. Nevertheless, the Supreme Court has made clear that a state court need not cite to, or even be aware of, relevant Supreme Court precedent "so long as neither the reasoning nor the result" contradicts or unreasonably applies clearly established Supreme Court law. Early v. Packer, 537 U.S. 3, 8 (2002).

[4] Respondent contends furthermore that, by entering his knowing, voluntary, and counseled guilty plea, Petitioner waived this current claim. See Tollett v. Henderson, 411 U.S. 258 (1973) (knowing, voluntary, counseled guilty plea waives allegations of antecedent violations of non-jurisdictional constitutional rights).

**IT IS, THEREFORE, ORDERED** that:

(1) Respondent's Motion for Summary Judgment, (Doc. No. 6), is **GRANTED**.

(2) Petitioner's Section 2254 petition is denied and dismissed as untimely.

(3) It is further ordered that, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: May 20, 2014

Frank D. Whitney
Chief United States District Judge